# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONOVON LEE, | ) |
|       Plaintiff, | ) Civil Action No. 2:18-cv-01426 |
| v. | ) Chief United States Magistrate Judge |
| | ) Cynthia Reed Eddy |
| SGT. CO II J. SMITH, OFC. CO1 T. D. KLINE, | ) |
|       Defendants. | ) |

## OPINION AND ORDER

This prisoner action commenced on October 24, 2018, with the Court's receipt of Plaintiff's Complaint along with a Motion to Proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915A, the Court has screened the complaint prior to service.

Plaintiff is a Pennsylvania state prisoner currently confined at the State Correctional Institution ("SCI") at Fayette in Fayette County, Pennsylvania. The named defendants are SGT. CO II J. SMITH and OFC. CO1 T. D. KLINE, employees of SCI Camp Hill located in Camp Hill, Cumberland County, Pennsylvania. Plaintiff raises claims concerning the conditions of his confinement at SCI Camp Hill.

In cases, such as this one, in which subject matter jurisdiction is not founded solely on the parties' diversity, the federal venue statute holds venue proper only in the following districts:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such matters.

28 U.S.C. § 1391(b). The Court finds that venue is improper in this district. First, the complaint reflects that all of the defendants are located in Camp Hill, Pennsylvania and are not located in

this district. Thus, the first requirement has not been met. Venue is also improper under the second requirement since a "substantial part" of the events giving rise to Lee's claims did not occur in the Western District of Pennsylvania. In fact, none of the complained of conduct giving rise to Lee's claims occurred in the Western District of Pennsylvania. Venue is also inappropriate under the third requirement because the defendants cannot be found in the Western District of Pennsylvania. In sum, this district is an improper venue under § 1391(b) for the claims brought in this lawsuit.

Having determined that venue in this case is improper in this district, the Court must decide whether to dismiss the case or transfer the case to a district where venue is properly laid pursuant to 28 U.S.C. § 1406(a). That statute provides:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

A court retains the power to transfer a case from an improper venue to a proper venue even where it lacks personal jurisdiction over the defendants. *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 465 (1962).

As an initial matter, it is clear that this action could have been brought in the United States District Court for the Middle District of Pennsylvania. Next, the Court must choose whether to transfer the case to the Middle District of Pennsylvania or dismiss the case outright. "In most cases of improper venue, the courts conclude that it is in the interest of justice to transfer to a proper forum rather than to dismiss the litigation." 14D Wright & Miller § 3827 at 540 (4th Ed. 2013); *see also Holiday v. Bally's Park Place, Inc.*, No. 06-4588, 2007 WL 2600877, at *2 (E.D.Pa. Sept. 10, 2007) ("Generally, transfer to a proper forum is preferable to

2

outright dismissal because it prevents repetitive motion practice and unnecessary costs."). This case is no different. Transfer in this case will save the time and expense associated with initiating a new lawsuit. *See Decker v. Dyson*, 165 F. App'x 951, 954 n.3 (3d Cir. 2006) (district court may sua sponte transfer under § 1406(a)).

An appropriate Order follows.

### ORDER OF COURT

**AND NOW**, this 26th day of October, 2018, it is hereby **ORDERED** that the Clerk of Court shall TRANSFER THIS CASE to the United States District Court for the Middle District of Pennsylvania.

A ruling on Plaintiff's *in forma pauperis* motion shall be deferred to the transferee court.

s/Cynthia Reed Eddy
Cynthia Reed Eddy
Chief United States Magistrate Judge

cc:   DONOVON LEE
      MZ7143
      SCI Fayette
      48 Overlook Drive
      LaBelle, PA 25450